**SIMPSON BROS., Inc. v. DISTRICT OF COLUMBIA.**

**Civ. No. 116–47.**

District Court of the United States for the District of Columbia.

Oct. 20, 1947.

John F. Hillyard, of Washington, D. C., for plaintiff.

Vernon E. West, Corp. Counsel, John J. Donnelly, Jr. and Oliver Gasch, Asst. Corp. Counsel, all of Washington, D. C., for defendant.

HOLTZOFF, Associate Justice.

This is an action by Simpson Bros., Inc., against the District of Columbia to recover the value of certain dairy products supplied to the defendant in July, August and September, 1946. The dairy products in question were delivered pursuant to a contract previously entered into between the parties, which specified the prices that were

to be paid by the defendant for the commodities delivered to it by the plaintiff.

It is admitted that the plaintiff has received payment for the July, August and September deliveries at the prices named in the contract. The plaintiff, however, sues for an additional amount and bases its right to recover on a provision in the contract popularly known as "the escalator clause." [1] That provision is in general to the effect that if the maximum prices promulgated by the Office of Price Administration, which were in effect on the date of the opening of the bids, should be increased or decreased during the life of the contract, the prices named in the contract were to be increased or decreased in proportion.

The Office of Price Administration was abolished as of July 1, 1946. It was reestablished by a later Act known as the Decontrol Act, 50 U.S.C.A. Appendix, § 901a, which was approved by the President on July 25, 1946. That Act provided, however, that no commodities should be regulated as to price by the Office of Price Administration except those enumerated by a board established by the Act known as the Decontrol Board. It is admitted that the Office of Price Administration as a result of action taken by the Decontrol Board, never regulated the price of milk to the consumer after July 1, 1946. The price to be paid for milk in Washington, D. C. by consumers subsequent to July 1, 1946 was not fixed by any successor agency, or any other Government agency. The only attempt at regulation was to fix the price charged by the producers and naturally such regulations do not affect the disposition of this case.

■ It is claimed by the plaintiff, however, that the price of milk rose on the open market after July 1, 1946 because of the fact that the Government ceased to pay subsidies to milk producers, which it had been paying immediately prior to July

1. The plaintiff apparently contends that the withdrawal of subsidies is Governmental action that is in effect equivalent to the fixing of prices by the Government, and, therefore, within "the escalator clause". This Court does not agree with this contention.

■ The Court construes the so-called "escalator clause" as meaning that if the maximum prices fixed by the Office of Price Administration should be changed by that agency, then the contract prices should be adjusted accordingly. Indeed, if the Office of Price Administration had been succeeded by some other agency, or if the powers devolving upon it were transferred to some other agency, the escalator clause would apply to any price-fixing action of such other agency. No such situation, however, existed in this case.

■ The price of milk after July 1, 1946, was not fixed or regulated by any Governmental Agency. It was indirectly affected by the fact that the Government ceased to pay subsidies. This indirect action is not within the purview of the escalator clause, even bearing in mind the rule that a contract should be construed as against the party who draws it, in the event of any ambiguity. There is no ambiguity in this clause, however.

■ Were this Court to extend the escalator clause to the situation presented in this case, the Court would be writing a new contract for the parties. No matter what the parties may have had in mind, the Court must construe their rights on the basis of the contract as written. On that basis the Court finds no foundation for the plaintiff's motion and accordingly holds that the plaintiff is not entitled to any compensation over and above the prices named in the contract.

The defendant's motion for summary judgment is granted. The plaintiff's motion for summary judgment is denied.

---

[1] The escalator clause in the contract reads as follows: "Should the maximum prices as promulgated by the Office of Price Administration, which are in effect on the date of the opening of these bids, be increased or decreased during the life of the contract, payment will be made by the District of Columbia at a rate of increase or decrease, not to exceed the same ratio that the prices herein quoted bear to the maximum prices authorized by the Office of Price Administration.